FILED
U.S. DISTRICT COURT
DISTRICT OF COLORADO
25 OCT -1 PM 3:41

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Civil Action No. ______________________________
(To be supplied by the court)

DeAndre Reed, Plaintiff

v.

**Jury Trial requested:**
**(please check one)**
X **Yes** ___ **No**

Pennymac Loan Services, LLC,

Synergy One Lending, Inc,

______________________________,

______________________________, Defendant(s).

(*List each named defendant on a separate line. If you cannot fit the names of all defendants in the space provided, please write "see attached" in the space above and attach an additional sheet of paper with the full list of names. The names of the defendants listed in the above caption must be identical to those contained in Section B. Do not include addresses here.*)

## COMPLAINT

**NOTICE**

Federal Rule of Civil Procedure 5.2 addresses the privacy and security concerns resulting from public access to electronic court files. Under this rule, papers filed with the court should not contain: an individual's full social security number or full birth date; the full name of a person known to be a minor; or a complete financial account number. A filing may include only: the last four digits of a social security number; the year of an individual's birth; a minor's initials; and the last four digits of a financial account number.

**Plaintiff need not send exhibits, affidavits, grievances, witness statements, or any other materials to the Clerk's Office with this complaint.**

## A. PLAINTIFF INFORMATION

*You must notify the court of any changes to your address where case-related papers may be served by filing a notice of change of address. Failure to keep a current address on file with the court may result in dismissal of your case.*

DeAndre Reed 15966 E 108th Ave Commerce City, Co 80022
(Name and complete mailing address)

720) 338-2046 DeAndrereed@hotmail.com
(Telephone number and e-mail address)

## B. DEFENDANT(S) INFORMATION

*Please list the following information for each defendant listed in the caption of the complaint. If more space is needed, use extra paper to provide the information requested. The additional pages regarding defendants should be labeled "B. DEFENDANT(S) INFORMATION."*

Defendant 1: PENNYMAC LOAN SERVICES, LLC 3043 Townsgate Rd, Suite 200. Westlake village, Ca 91361
(Name and complete mailing address)

818-224-7442
(Telephone number and e-mail address if known)

Defendant 2: SYNERGY ONE LENDING, INC 610 W. Ash Street, Suite 1505 San Diego, CA 92101
(Name and complete mailing address)

(888) 995-1256
(Telephone number and e-mail address if known)

Defendant 3: ______
(Name and complete mailing address)

______
(Telephone number and e-mail address if known)

Defendant 4: ______
(Name and complete mailing address)

______
(Telephone number and e-mail address if known)

## C. JURISDICTION

*Identify the statutory authority that allows the court to consider your claim(s): (check one)*

x___ Federal question pursuant to 28 U.S.C. § 1331 (claims arising under the Constitution, laws, or treaties of the United States)

List the specific federal statute, treaty, and/or provision(s) of the United States Constitution that are at issue in this case.

Jurisdiction is proper under Article III of the U.S. Constitution and the Statutes at Large,

including the Federal Reserve Act (38 Stat. 251, §§ 13–14).

x___ Diversity of citizenship pursuant to 28 U.S.C. § 1332 (a matter between individual or corporate citizens of different states and the amount in controversy exceeds $75,000)

Plaintiff is a citizen of the State of Colorado.

If Defendant 1 is an individual, Defendant 1 is a citizen of ______________________.

If Defendant 1 is a corporation,

Defendant 1 is incorporated under the laws of California (name of state or foreign nation).

Defendant 1 has its principal place of business in California (name of state or foreign nation).

*(If more than one defendant is named in the complaint, attach an additional page providing the same information for each additional defendant.)*

## D. STATEMENT OF CLAIM(S)

*State clearly and concisely every claim that you are asserting in this action. For each claim, specify the right that allegedly has been violated and state all facts that support your claim, including the date(s) on which the incident(s) occurred, the name(s) of the specific person(s) involved in each claim, and the specific facts that show how each person was involved in each claim. You do not need to cite specific legal cases to support your claim(s). If additional space is needed to describe any claim or to assert additional claims, use extra paper to continue that claim or to assert the additional claim(s). Please indicate that additional paper is attached and label the additional pages regarding the statement of claims as "D. STATEMENT OF CLAIMS."*

CLAIM ONE: Declaratory Judgment

Supporting facts:

1. On May 28, 2021, I, Plaintiff DeAndre Reed, executed a Promissory Note and Deed of Trust secured by my home in Adams County, Colorado.

2. Defendant Synergy One Lending, Inc. originated the loan. I made payments to Synergy One.

3. Defendant PennyMac Loan Services, LLC later serviced the loan. I made payments to PennyMac.

4. A securitization audit and records from Ginnie Mae show that my loan was placed into Ginnie Mae REMIC Trust 2021-106.

5.These records identify PennyMac only as a servicer, not as a creditor or beneficial owner of the loan.

6.Synergy One Lending, Inc. sold or transferred its interest in the loan but continued to accept payments as if it remained entitled.

7. Despite lacking creditor status, both PennyMac and Synergy One represented themselves as if they were entitled to enforce the loan.

8. I have been harmed because these entities acted as if they were creditors, collected money from me, and have attempted foreclosure.

9. I seek a declaratory judgment that neither PennyMac Loan Services, LLC nor Synergy One Lending, Inc. is the real party in interest or lawful creditor with respect to my loan.

CLAIM TWO: UNJUST ENRICHMENT

Supporting facts:

1. From 2021 to 2024, I made mortgage payments to Synergy One Lending, Inc. and PennyMac Loan Services, LLC.

2. Both Defendants accepted and retained these payments.

3. Neither Defendant was the creditor or beneficial owner of my loan.

4. Both Defendants were acting only as servicers or custodians in connection with a securitized trust (Ginnie Mae REMIC Trust 2021-106).

5. It is unjust for Defendants to retain money they were not lawfully entitled to collect.

6. I seek restitution for all such payments and the imposition of a constructive trust over funds retained by Defendants.

## E. REQUEST FOR RELIEF

*State the relief you are requesting or what you want the court to do. If additional space is needed to identify the relief you are requesting, use extra paper to request relief. Please indicate that additional paper is attached and label the additional pages regarding relief as "E. REQUEST FOR RELIEF."*

1.Declaratory judgment that Defendants are not creditors / real parties in interest.

2.Restitution of all payments made to Defendants.

3.Constructive trust over funds retained by Defendants.

4.Costs and any other relief the Court deems just

## F. PLAINTIFF'S SIGNATURE

I declare under penalty of perjury that I am the plaintiff in this action, that I have read this complaint, and that the information in this complaint is true and correct. *See* 28 U.S.C. § 1746; 18 U.S.C. § 1621.

Under Federal Rule of Civil Procedure 11, by signing below, I also certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending or modifying existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

______________________________
(Plaintiff's signature)

10/01/25
______________________________
(Date)

(Revised February 2022)

UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLORADO

Civil Action No. __________

DEANDRE REED, Plaintiff,

v.

PENNYMAC LOAN SERVICES, LLC, and SYNERGY ONE LENDING, INC., Defendants.

EXHIBIT INDEX In Support of Plaintiff's Complaint for Declaratory Judgment and Unjust Enrichment

Exhibit A — Independent Securitization Audit (Ginnie Mae REMIC 2021-106; PennyMac as servicer)

Exhibit B — Mortgage Documents (Promissory Note; Deed of Trust; endorsements/allonges; assignments)

Exhibit C — Withdrawal of Counsel (Barrett Frappier & Weisserman, LLP) for PennyMac Loan Services, LLC

Exhibit D — Federal Reserve Act & Operating Circular No. 10 Excerpts (38 Stat. 251, §§ 13–14; custodian/agent framework)

Exhibit E — Borrower-in-Custody (BIC) Program Documentation (guidelines; handbook; collateral requirements)

Exhibit F — IRS/Treasury Records (e.g., 1099-B; Federal Tax Paid statement; redacted return excerpts)

Respectfully [redacted],

DeAndre Reed

15966 E. 108th Avenue

Commerce City, CO 80022

Plaintiff, Pro Se

________________

# EXHIBIT A

## Independent Securitization Audit

## Showing loan in Ginnie Mae REMIC 2021-106; PennyMac listed as servicer only

## Contents

**Exhibit A-1 – Loan Identification (Audit p. 2)**
Borrower: DeAndre & Kuristin Reed; Originator: Synergy One Lending, Inc.; Property: 15966 E. 108th Ave.; Loan placed into Ginnie Mae REMIC Trust 2021-106.

**Exhibit A-2 – MERS Search Result (Audit p. 4)**
Shows PennyMac Loan Services, LLC as Servicer and Ginnie Mae as Investor.

**Exhibit A-3 – Offering Circular Excerpt (Audit pp. 5–6)**
Identifies Ginnie Mae REMIC 2021-106 structure; Trustee: Bank of New York Mellon.

**Exhibit A-4 – Flow Chart / Transaction Diagram (Audit pp. 10–11)**
Diagram showing Borrower → Synergy One → PennyMac (Servicer) → Ginnie Mae Trust.

**Exhibit A-5 – Assignment of Deed of Trust (Audit p. 14)**
Assignment recorded Feb. 16, 2023, in Adams County—nearly two years after securitization.

**Exhibit A-6 – Report Summary (Audit p. 15)**
Concise summary confirming loan securitization, assignment timeline, and potential improprieties.

**Exhibit A-7 – MERS Analysis (Audit p. 25)**
Confirms PennyMac as Servicer; Ginnie Mae as Investor.

**Exhibit A-8 – Transaction History (Audit p. 29)**
Timeline of loan origination (May 28, 2021), securitization (June 30, 2021), delayed assignment, and foreclosure reliance on assignment.

**Exhibit A-9 – Bloomberg Terminal Snapshot (Audit p. 23)**
CUSIP reference confirming loan securitization into Ginnie Mae REMIC 2021-106; provides unique security identifier for the trust.

# SECTION 1: TRANSACTION DETAILS

## BORROWER & CO-BORROWER:

| BORROWER | CO-BORROWER |
|---|---|
| DEANDRE REED | KURISTIN REED |
| **CURRENT ADDRESS** | **SUBJECT ADDRESS** |
| 15966 E 108TH AVENUE<br>COMMERCE CITY, CO 80022 | 15966 E 108TH AVENUE<br>COMMERCE CITY, CO 80022 |

# SECTION 2: SECURITIZATION

## SECURITIZATION PARTICIPANTS:

| DEED OF TRUST | DATE | NOTE | DATE |
|---|---|---|---|
| SYNERGY ONE LENDING, INC.<br><br>MIN # 1015466-0000291839-3 | MAY 28, 2021 | SYNERGY ONE LENDING, INC. | MAY 28, 2021 |
| | | GINNIE MAE REMIC TRUST 2021-106 | CLOSING DATE:<br>JUNE 30, 2021 |

The Deed of Trust and the Note have taken two distinctly different paths. The Deed of Trust was never transferred. The $497,557.00 note may have been however pooled, sold, transferred with other loans and Deed of Trusts and this pool of loans and mortgages in this security offering of $762,211,005

https://www.ginniemae.gov/investors/investor_search_tools/Pages/default.aspx

**MERS SEARCH RESULT ON MIN# 1015466-0000291839-3**

**The loan is *registered* within the MERS database showing PennyMac Loan Services LLC as Servicer and Guarantor - Ginnie Mae as Investor.**

MERS® ServicerID

**1 Record Matched Your Search**

MIN: **1015466-0000291839-3** Note Date: **05/20/2021** MIN Status: **Active**

Servicer: PennyMac Loan Services LLC Phone: **(866) 695-4122**

**Westlake Village, CA**

If you are a borrower on this loan, you can click here to enter additional information and display the investor name.

MERS® ServicerID

**Investor**

Select borrower type and enter borrower information to see investor for MIN 1015466-0000291839-3.

**Investor for Individual Borrower**

Your entries may be either upper or lower case.

Fields marked * are required.

**Last Name*** **SSN***

REED - -

**By checking this box, the borrower or borrower's authorized representative is attesting to the fact that he or she is in fact the borrower or borrower's authorized representative for the loan in question. Additionally, borrowers wishing to learn the identity of their loan's investor must confirm their identity by entering their last name or corporation name as well as their SSN or TIN. If this information does not match the information contained in the MERS® System for the borrower of the loan, the investor information will not be displayed. Borrowers should verify the results with their loan servicer.** *

Submit

**Investor for Corporation/Non-Person Entity Borrower**

Servicer: PennyMac Loan Services LLC Phone: **(866) 695-4122**

**Westlake Village, CA**

Investor: **Guarantor - Ginnie Mae**

https://www.mers-servicerid.org/sis/common/results

# PARTIES/DEFENDANTS:

Ginnie Mae
Our Guaranty Matters

**$762,211,005**

**Government National Mortgage Association**

# GINNIE MAE®

**Guaranteed Multifamily REMIC Pass-Through Securities and MX Securities**
**Ginnie Mae REMIC Trust 2021-106**

**Credit Suisse** **Ramirez & Co., Inc.**

**The date of this Offering Circular Supplement is June 24, 2021**

**TERMS SHEET**

This terms sheet contains selected information for quick reference only. You should read this Supplement, particularly "Risk Factors," and each of the other documents listed under "Available Information."

**Sponsor:** Credit Suisse Securities (USA) LLC

**Co-Sponsor:** Samuel A. Ramirez & Company, Inc.

**Trustee:** The Bank of New York Mellon Trust Company, N.A.

**Tax Administrator:** The Trustee

**Closing Date:** June 30, 2021

**Distribution Date:** The 16th day of each month or, if the 16th day is not a Business Day, the first Business Day thereafter, commencing in July 2021.

**Security Groups:** This series of Securities consists of multiple Security Groups (each a "Group"), as shown on the front cover of this Supplement and on Schedule I to this Supplement. Except in the case of MX Classes IO, V and Z, payments on each Group will be based solely on payments on the Trust Asset Group with the same numerical designation

## THE GINNIE MAE MULTIFAMILY CERTIFICATES

### General

The Sponsor intends to acquire the Ginnie Mae Multifamily Certificates in privately negotiated transactions prior to the Closing Date and to sell them to the Trust according to the terms of a Trust Agreement between the Sponsor and the Trustee. The Sponsor will make certain representations and warranties with respect to the Ginnie Mae Multifamily Certificates.

### The Ginnie Mae Multifamily Certificates (Group 1, Group 2 and Group 3)

The Ginnie Mae Multifamily Certificates are guaranteed by Ginnie Mae pursuant to its Ginnie Mae I Program. Each Mortgage Loan underlying a Ginnie Mae Multifamily Certificate bears interest at a Mortgage Rate that is greater than the related Certificate Rate.

For each Mortgage Loan underlying a Ginnie Mae Multifamily Certificate, the difference between (a) the Mortgage Rate and (b) the related Certificate Rate is used to pay the servicer of the Mortgage Loan a monthly fee for servicing the Mortgage Loan and to pay Ginnie Mae a fee for its guarantee of the related Ginnie Mae Multifamily Certificate (together, the "Servicing and Guaranty Fee Rate"). The per annum rate used to calculate these fees for the Mortgage Loans in the Trust is shown on Exhibit A to this Supplement.

The Group 1 Ginnie Mae Multifamily Certificates included in the Trust consist of (i) Ginnie Mae Construction Loan Certificates issued during the construction phase of a multifamily project, which are redeemable for Ginnie Mae Project Loan Certificates (the "Group 1 Trust CLCs") and (ii) Ginnie Mae Project Loan Certificates deposited into the Trust on the Closing Date or issued upon conversion of a Group 1 Trust CLC (collectively, the "Group 1 Trust PLCs").

The Group 2 Ginnie Mae Multifamily Certificates included in the Trust consist of (i) Ginnie Mae Construction Loan Certificates issued during the construction phase of a multifamily project, which are redeemable for Ginnie Mae Project Loan Certificates (the "Group 2 Trust CLCs") and (ii) Ginnie Mae Project Loan Certificates deposited into the Trust on the Closing Date or issued upon conversion of a Group 2 Trust CLC (collectively, the "Group 2 Trust PLCs").

The Group 3 Ginnie Mae Multifamily Certificates included in the Trust consist of (i) Ginnie Mae Construction Loan Certificates issued during the construction phase of a multifamily project, which are redeemable for Ginnie Mae Project Loan Certificates (the "Group 3 Trust CLCs" and together with the Group 1 Trust CLCs and the Group 2 Trust CLCs, the "Trust CLCs") and (ii) Ginnie Mae Project Loan Certificates deposited into the Trust on the Closing Date or issued upon conversion of a Group 3 Trust CLC (collectively, the "Group 3 Trust PLCs" and together with the Group 1 Trust PLCs and the Group 2 Trust PLCs, the "Trust PLCs")


Borrowers
DEANDRE REED AND KURISTIN REED
1
Lenders Originate MORTGAGE loans with
$$
DEED OF TRUST
Lender
SYNERGY ONE LENDING, INC.
MORTGAGE
Ginnie Mae MBS
2
We create Ginnie Mae MBS backed by pools of MORTGAGE loans and return the MBS to lenders. We assume credit risk, for which we receive guaranty fees.
Ginnie Mae
MORTGAGE
Ginnie Mae MBS
MBS Trust
$$
Ginnie Mae MBS
Investors
3
Lenders sell Ginnie Mae MBS to


Mortgage Broker "Unknown"
Step 1 – The borrower obtains a loan from a Lender. This may be done with help from Mortgage Broker. In many cases the Lender and Mortgage Broker have no further interaction with the Borrower after the loan is made.
Lender
SYNERGY ONE LENDING, INC.
Loan Proceeds
Loan
Borrowers
DEANDRE REED AND KURISTIN REED
[redacted]
Monthly Payments
[redacted]
LOAN
CASH
Monthly Payments
Custodian-Holds MORTGAGE Loan Documents on behalf of the Trustee
Underwriter
Rating Agency
Credit Enhancement Provider
[redacted]
[redacted]
Securities
Cash
Monthly Payment
[redacted]
[redacted]

# SECTION 3: FORECLOSURE

**Recorded Events on the Loan Including Foreclosure Issues and Securitization**

| Recorded Chain of Deed of Trust Possession | | Chain of Note Possession | |
|---|---|---|---|
| Date | Original Deed of Trust | Date | Note Holder |
| May 28, 2021<br>Instrument #<br>2021000065410<br>Official Records,<br>Adams County<br>Colorado | DEANDRE REED AND KURESTIN REED<br>(Borrowers)<br>SYNERGY ONE LENDING, INC.<br>(Lender)<br><br>MIN: 1015466-0000291839-3 | MAY 28, 2021 | SYNERGY ONE LENDING, INC.<br>Lender<br>Principal Amount:<br>$497,557.00<br><br>FHA Case # 053-0931561-703-203B |
| February 16, 2023<br>Instrument #<br>2023.8496<br>Official Records,<br>Adams County<br>Colorado | Assignment of Deed of Trust | Closing Date:<br>June 30, 2021 | GINNIE MAE REMIC TRUST 2021-106<br>Issuing Entity<br><br>Principal Amount:<br>$497,557.00 |

***Only includes primary active loan.***
***Annotated DataTree Search included in Exhibit I.***

# REPORT SUMMARY

**Deed of Trust:**

- On MAY 28, 2021, DEANDRE REED AND KURISTIN REED executed a negotiable promissory note and a security interest in the form of a DEED OF TRUST in the amount of $497,557.00. This document was filed as document number 2021000065410 in the Official Records of Adams County. ***The original lender of the promissory note is SYNERGY ONE LENDING, INC. Mortgage Electronic Registration Systems, Inc. (hereafter "MERS") is not named as the payee of the note, but is named as acting solely as a "nominee" for the lender as the beneficiary of the security interest Security Deed.***

**Securitization (The Note):**

- The NOTE based on the researched performed have been sold, transferred, assigned and securitized into the GINNIE MAE REMIC TRUST 2021-106 with a Closing Date of June 30, 2021.

**Assignment of Deed of Trust:**

- On February 16, 2023, an Assignment of Deed of Trust was recorded in the Official Records, Adams County as instrument number 2023.8496.

- Approximately two years had gone by since note was placed into GINNIE MAE REMIC TRUST 2021-106 and examiner therefore recommends production and review of the then notarized bill of sale; note endorsement; and verifiable proof of funds prior to the closing date of June 30, 2021, Examiner considers this a document of impropriety requiring rescission for rightful foreclosure to take place until actual purchase by above parties is verified.

# MORTGAGE ELECTRONIC REGISTRATION SYSTEMS (MERS) ANALYSIS

- The Deed of Trust shows a MIN number of 1015466-0000291839-3 and the MERS SERVICER ID website https://www.mers-serviceid.org/sis/search indicates that the loan is serviced by PennyMac Loan Services LLC with Guarantor - Ginnie Mae stated investor.

MERS® ServicerID

**1 Record Matched Your Search**

MIN: **1015466-0000291839-3** Note Date: **05/28/2021** MIN Status: **Active**

Servicer: PennyMac Loan Services, LLC Phone: **(866) 695-4122**

**Westlake Village, CA**

If you are a borrower on this loan, you can click here to enter additional information and display the investor name.

MERS® ServicerID

**Investor**

Select borrower type and enter borrower information to see investor for MIN 1015466-0000291839-3.

Investor for Individual Borrower

Your entries may be either upper or lower case.

Fields marked * are required.

Last Name* SSN*

REED - -

By checking this box, the borrower or borrower's authorized representative is attesting to the fact that he or she is in fact the borrower or borrower's authorized representative for the loan in question. Additionally, borrowers wishing to learn the identity of their loan's investor must confirm their identity by entering their last name or corporation name as well as their SSN or TIN. If this information does not match the information contained in the MERS® System for the borrower of the loan, the investor information will not be displayed. Borrowers should verify the results with their loan servicer. *

Submit

Investor for Corporation/Non-Person Entity Borrower

Servicer: PennyMac Loan Services, LLC Phone: **(866) 695-4122**

**Westlake Village, CA**

Investor: **Guarantor - Ginnie Mae**

Title information data source: First American Title **www.datatree.com**

1. Page 1 Line 3. DEANDRE REED AND KURISTIN REED acquired a loan on the property on MAY 28, 2021 in the amount of $497,557.00. This primary active loan which was recorded on May 28, 2021 is the subject of this report.

2. Assignment of Deed of Trust recorded two (2) years since loan origination. All documents should be rescinded and the then notarized Assignment of Deed of Trust for equivalent value with verifiable proof of funds and note endorsement executed prior to Ginnie Mae acquisition should be recorded for rightful foreclosure to proceed in validating the real parties in interest.

3. Foreclosure action dependent upon a valid Assignment of Deed of Trust

**VIEW ALL LOAN CLASSES SCREEN**

This screen shows the splitting of the investment classes (first 30 out of 33 classes shown)

**Fidelity Investment Search Result for CUSIP# 38381DLA6 (is shown below)**



- **Exhibit B – Mortgage Documents**
- Promissory Note (May 28, 2021).
- Deed of Trust (same date).
- Proves Plaintiff executed loan documents with Synergy One.

LOAN #: 2104S1L60884
MIN: 1015466-0000291839-3

# NOTE

FHA Case No.
053-0931561-703-203B

May 28, 2021
[Date]

San Diego,
[City]

California
[State]

15966 E 108Th Ave, Commerce City, CO 80022
[Property Address]

**1. BORROWER'S PROMISE TO PAY**

In return for a loan that I have received, I promise to pay U.S. $497,557.00 (this amount is called "Principal"), plus interest, to the order of the Lender. The Lender is Synergy One Lending, Inc., a Corporation.

I will make all payments under this Note in the form of cash, check or money order.

I understand that the Lender may transfer this Note. The Lender or anyone who takes this Note by transfer and who is entitled to receive payments under this Note is called the "Note Holder."

**2. INTEREST**

Interest will be charged on unpaid principal until the full amount of Principal has been paid. I will pay interest at a yearly rate of 3.125 %.

The interest rate required by this Section 2 is the rate I will pay both before and after any default described in Section 6(B) of this Note.

**3. PAYMENTS**

**(A) Time and Place of Payments**

I will pay principal and interest by making a payment every month.

I will make my monthly payment on the 1st day of each month beginning on July 1, 2021. I will make these payments every month until I have paid all of the principal and interest and any other charges described below that I may owe under this Note. Each monthly payment will be applied as of its scheduled due date and will be applied to interest and any other items in the order described in the Security Instrument before Principal. If, on June 1, 2051, I still owe amounts under this Note, I will pay those amounts in full on that date, which is called the "Maturity Date."

I will make my monthly payments at 3131 Camino Del Rio North, Suite 150
San Diego, CA 92108
or at a different place if required by the Note Holder.

**(B) Amount of Monthly Payments**

My monthly payment will be in the amount of U.S. $2,131.41.

**4. BORROWER'S RIGHT TO PREPAY**

I have the right to make payments of Principal at any time before they are due. A payment of Principal only is known as a "Prepayment." When I make a Prepayment, I will tell the Note Holder in writing that I am doing so. I may not designate a payment as a Prepayment if I have not made all the monthly payments due under the Note.

I may make a full Prepayment or partial Prepayments without paying a Prepayment charge. The Note Holder will use my Prepayments to reduce the amount of Principal that I owe under this Note. However, the Note Holder may apply my Prepayment to the accrued and unpaid interest on the Prepayment amount, before applying my Prepayment to reduce the Principal amount of the Note. If I make a partial Prepayment, there will be no changes in the due date or in the amount of my monthly payment unless the Note Holder agrees in writing to those changes.

**5. LOAN CHARGES**

If a law, which applies to this loan and which sets maximum loan charges, is finally interpreted so that the interest or other loan charges collected or to be collected in connection with this loan exceed the permitted limits, then: (a) any such loan charge shall be reduced by the amount necessary to reduce the charge to the permitted limit; and (b) any sums already collected from me which exceeded permitted limits will be refunded to me. The Note Holder may choose to make this refund by reducing the Principal I owe under this Note or by making a direct payment to me. If a refund reduces Principal, the reduction will be treated as a partial Prepayment.

**6. BORROWER'S FAILURE TO PAY AS REQUIRED**

**(A) Late Charge for Overdue Payments**

If the Note Holder has not received the full amount of any monthly payment by the end of 15 calendar days after the date it is due, I will pay a late charge to the Note Holder. The amount of the charge will be 4.000 % of my overdue payment of principal and interest. I will pay this late charge promptly but only once on each late payment.

**(B) Default**

If I do not pay the full amount of each monthly payment on the date it is due, I will be in default.

**(C) Notice of Default**

If I am in default, the Note Holder may send me a written notice telling me that if I do not pay the overdue amount by a certain date, the Note Holder may require me to pay immediately the full amount of Principal which has not been paid and

When recorded, return to:
Synergy One Lending, Inc.
Attn: Final Document Department
3131 Camino Del Rio North, Suite 150
San Diego, CA 92108

Title Order No.: CT200364
Escrow No.: CT200364
LOAN #: 2104911L00364

[Space Above This Line For Recording Data]

# DEED OF TRUST

FHA Case No.
053-0931561-703-203B
MIN: 1015466-0000291839-3
MERS PHONE #: 1-888-679-6377

## DEFINITIONS

Words used in multiple sections of this document are defined below and other words are defined in Sections 3, 10, 12, 17, 19 and 21. Certain rules regarding the usage of words used in this document are also provided in Section 15.

(A) "Security Instrument" means this document, which is dated May 28, 2021, together with all Riders to this document.

(B) "Borrower" is DEANDRE REED AND KURISTIN REED.

whose address is 15986 E 108Th Ave, Commerce City, CO 80022.

Borrower is the trustor under this Security Instrument.

(C) "Lender" is Synergy One Lending, Inc..

Lender is a Corporation, organized and existing under the laws of Delaware.
Lender's address is 3131 Camino Del Rio North, Suite 150, San Diego, CA 92108.

(D) "Trustee" is the Public Trustee of ADAMS County, Colorado.

(E) "MERS" is Mortgage Electronic Registration Systems, Inc. MERS is a separate corporation that is acting solely as a nominee for Lender and Lender's successors and assigns. MERS is the beneficiary under this Security Instrument. MERS is organized and existing under the laws of Delaware, and has an address and telephone number of P.O. Box 2026, Flint, MI 48501-2026, tel. (888) 679-MERS.

(F) "Note" means the promissory note signed by Borrower and dated May 28, 2021. The Note states that Borrower owes Lender FOUR HUNDRED NINETY SEVEN THOUSAND FIVE HUNDRED FIFTY SEVEN AND NO/100************************************************** Dollars (U.S. $497,557.00 ) plus interest. Borrower has promised to pay this debt in regular Periodic Payments and to pay the debt in full not later than June 1, 2051.

(G) "Property" means the property that is described below under the heading "Transfer of Rights in the Property."

(H) "Loan" means the debt evidenced by the Note, plus interest, late charges due under the Note, and all sums due under this Security Instrument, plus interest.

## Exhibit C – Withdrawal of Counsel

- Filing by **Barrett Frappier & Weisserman, LLP** withdrawing as counsel of record for PennyMac.
- Supports uncertainty of creditor representation and standing.

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLORADO

***In Re*:**

Chapter 7
Case No. 25-12193-TBM

KURISTIN LYNNE REED, **Debtor,**

PENNYMAC LOAN SERVICES, LLC, **Movant.**

---

NOTICE OF WITHDRAWAL OF MOTION FOR RELIEF FROM AUTOMATIC STAY

---

Movant PENNYMAC LOAN SERVICES, LLC, by its counsel Barrett Frappier & Weisserman, LLP, withdraws its Motion for Relief from Automatic Stay filed on July 14, 2025 at Docket No. 17.

DATED: 8/28/2025

BARRETT FRAPPIER & WEISSERMAN, LLP

/s/ David W. Drake
David W. Drake, Atty Reg No. 43315
1391 N. SPEER BLVD, SUITE 700
DENVER, CO 80204
Telephone: (303) 327-8761
Telecopier: (972) 661-7725
Email Address: co.ecf@bdfgroup.com

E-FILED ORIGINAL

Document to be retained in file of Barrett Frappier & Weisserman, LLP

# Exhibit D — Federal Reserve Act & Operating Circular 10 Excerpts

**Facts of Law:**

- **Federal Reserve Act (Dec. 23, 1913, 38 Stat. 251, §§ 13–14):**
  - Section 13: Authorizes Federal Reserve Banks to discount eligible paper from member banks.
  - Section 14: Authorizes Federal Reserve Banks to purchase, sell, and lend on certain securities and notes.
  - Legal effect: When credit is extended, it is the **Federal Reserve Bank** that becomes the creditor by providing consideration.
- **Operating Circular 10 (2024, Section 12.3 & Appendix 3):**
  - States that when a depository institution pledges collateral under Borrower-in-Custody (BIC) arrangements, it holds the collateral as **custodian/agent for the Federal Reserve Bank.**
  - The depository institution is *not the principal creditor* — it is acting in a custodial capacity.

**Supporting Point:**

This establishes that when Plaintiff's note was pledged into Federal Reserve facilities, the institution was acting as an **agent**, and the Federal Reserve Bank became the actual creditor.

# Exhibit E — Borrower-in-Custody (BIC) Program Documentation

**Facts of Law/Program Guidance:**

- **BIC Guidelines (2024):**
  - Allows depository institutions to pledge loan notes (including residential mortgages) as collateral while retaining custody.
  - Confirms the pledged loans remain assets under Federal Reserve lien, not free property of the pledging institution.
- **01 BIC Handbook:**
  - Details that pledged notes must meet eligibility requirements (performing, marketable, documented).
  - Explicitly states the institution holds pledged collateral as a custodian for the Fed.
- **NAFCU Comment Letter (2023):**
  - Confirms that **electronically signed and recorded loan agreements** qualify for BIC pledging.
  - Shows that the program is in live use for residential mortgage notes.
- **Collateral Guide for Collateral in Lieu of Surety Bonds:**
  - Describes pledged loans as acceptable financial collateral in replacement of surety bonds.

**Supporting Point:**

Together, these demonstrate that residential mortgage notes, like Plaintiff's, are regularly pledged into the BIC program — with the **institution serving only as custodian, not creditor.**

# Exhibit F — IRS and Treasury Records

**Facts of Law/Financial Records:**

- **26 U.S.C. § 61 (Gross Income Definition):** All income from whatever source derived, including gains from dealings in property.
- **1099-B Forms:** Document the sale or disposition of securities and must be issued where debt instruments or mortgage-backed securities are liquidated.
- **Plaintiff's 1099-B and Federal Tax Return (2022, redacted):**
    - Evidence that the loan was treated as a **financial security** generating taxable events.
    - Demonstrates proceeds and tax reporting tied to the note.
- **Federal Tax Paid Statement:**
    - Confirms actual remittance of tax based on those transactions, meaning the loan note generated value recognized by the IRS.

**Supporting Point:**
This shows the loan note was not merely a private debt instrument but treated as a security subject to IRS reporting and taxation — corroborating unjust enrichment and that Defendants profited while foreclosing for the full face value.

- **Exhibit B – Mortgage Documents**
- Promissory Note (May 28, 2021).
- Deed of Trust (same date).
- Proves Plaintiff executed loan documents with Synergy One.

LOAN #: 2104S1L60884
MIN: 1015466-0000291839-3

# NOTE

FHA Case No.
053-0931561-703-203B

May 28, 2021
[Date]

San Diego,
[City]

California
[State]

15966 E 108Th Ave, Commerce City, CO 80022
[Property Address]

**1. BORROWER'S PROMISE TO PAY**

In return for a loan that I have received, I promise to pay U.S. $497,557.00 (this amount is called "Principal"), plus interest, to the order of the Lender. The Lender is Synergy One Lending, Inc., a Corporation.

I will make all payments under this Note in the form of cash, check or money order.

I understand that the Lender may transfer this Note. The Lender or anyone who takes this Note by transfer and who is entitled to receive payments under this Note is called the "Note Holder."

**2. INTEREST**

Interest will be charged on unpaid principal until the full amount of Principal has been paid. I will pay interest at a yearly rate of 3.125 %.

The interest rate required by this Section 2 is the rate I will pay both before and after any default described in Section 6(B) of this Note.

**3. PAYMENTS**

**(A) Time and Place of Payments**

I will pay principal and interest by making a payment every month.

I will make my monthly payment on the 1st day of each month beginning on July 1, 2021. I will make these payments every month until I have paid all of the principal and interest and any other charges described below that I may owe under this Note. Each monthly payment will be applied as of its scheduled due date and will be applied to interest and any other items in the order described in the Security Instrument before Principal. If, on June 1, 2051, I still owe amounts under this Note, I will pay those amounts in full on that date, which is called the "Maturity Date."

I will make my monthly payments at 3131 Camino Del Rio North, Suite 150
San Diego, CA 92108
or at a different place if required by the Note Holder.

**(B) Amount of Monthly Payments**

My monthly payment will be in the amount of U.S. $2,131.41.

**4. BORROWER'S RIGHT TO PREPAY**

I have the right to make payments of Principal at any time before they are due. A payment of Principal only is known as a "Prepayment." When I make a Prepayment, I will tell the Note Holder in writing that I am doing so. I may not designate a payment as a Prepayment if I have not made all the monthly payments due under the Note.

I may make a full Prepayment or partial Prepayments without paying a Prepayment charge. The Note Holder will use my Prepayments to reduce the amount of Principal that I owe under this Note. However, the Note Holder may apply my Prepayment to the accrued and unpaid interest on the Prepayment amount, before applying my Prepayment to reduce the Principal amount of the Note. If I make a partial Prepayment, there will be no changes in the due date or in the amount of my monthly payment unless the Note Holder agrees in writing to those changes.

**5. LOAN CHARGES**

If a law, which applies to this loan and which sets maximum loan charges, is finally interpreted so that the interest or other loan charges collected or to be collected in connection with this loan exceed the permitted limits, then: (a) any such loan charge shall be reduced by the amount necessary to reduce the charge to the permitted limit; and (b) any sums already collected from me which exceeded permitted limits will be refunded to me. The Note Holder may choose to make this refund by reducing the Principal I owe under this Note or by making a direct payment to me. If a refund reduces Principal, the reduction will be treated as a partial Prepayment.

**6. BORROWER'S FAILURE TO PAY AS REQUIRED**

**(A) Late Charge for Overdue Payments**

If the Note Holder has not received the full amount of any monthly payment by the end of 15 calendar days after the date it is due, I will pay a late charge to the Note Holder. The amount of the charge will be 4.000 % of my overdue payment of principal and interest. I will pay this late charge promptly but only once on each late payment.

**(B) Default**

If I do not pay the full amount of each monthly payment on the date it is due, I will be in default.

**(C) Notice of Default**

If I am in default, the Note Holder may send me a written notice telling me that if I do not pay the overdue amount by a certain date, the Note Holder may require me to pay immediately the full amount of Principal which has not been paid and

When recorded, return to:
Synergy One Lending, Inc.
Attn: Final Document Department
3131 Camino Del Rio North, Suite 150
San Diego, CA 92108

Title Order No.: CT200364
Escrow No.: CT200364
LOAN #: 2104811L00364

[Space Above This Line For Recording Data]

# DEED OF TRUST

FHA Case No.
053-0931861-703-203B

MIN: 1016466-0000291839-3
MERS PHONE #: 1-888-679-6377

DEFINITIONS

Words used in multiple sections of this document are defined below and other words are defined in Sections 3, 10, 12, 17, 19 and 21. Certain rules regarding the usage of words used in this document are also provided in Section 15.

(A) "Security Instrument" means this document, which is dated May 28, 2021, together with all Riders to this document.

(B) "Borrower" is DEANDRE REED AND KURISTIN REED.

whose address is 15986 E 108Th Ave, Commerce City, CO 80022.

Borrower is the trustor under this Security Instrument.

(C) "Lender" is Synergy One Lending, Inc..

Lender is a Corporation, organized and existing under the laws of Delaware.
Lender's address is 3131 Camino Del Rio North, Suite 150, San Diego, CA 92108.

(D) "Trustee" is the Public Trustee of ADAMS County, Colorado.

(E) "MERS" is Mortgage Electronic Registration Systems, Inc. MERS is a separate corporation that is acting solely as a nominee for Lender and Lender's successors and assigns. MERS is the beneficiary under this Security Instrument. MERS is organized and existing under the laws of Delaware, and has an address and telephone number of P.O. Box 2026, Flint, MI 48501-2026, tel. (888) 679-MERS.

(F) "Note" means the promissory note signed by Borrower and dated May 28, 2021. The Note states that Borrower owes Lender FOUR HUNDRED NINETY SEVEN THOUSAND FIVE HUNDRED FIFTY SEVEN AND NO/100*********************************************************** Dollars (U.S. $497,557.00 ) plus interest. Borrower has promised to pay this debt in regular Periodic Payments and to pay the debt in full not later than June 1, 2051.

(G) "Property" means the property that is described below under the heading "Transfer of Rights in the Property."

(H) "Loan" means the debt evidenced by the Note, plus interest, late charges due under the Note, and all sums due under this Security Instrument, plus interest.

## Exhibit C – Withdrawal of Counsel

- Filing by **Barrett Frappier & Weisserman, LLP** withdrawing as counsel of record for PennyMac.
- Supports uncertainty of creditor representation and standing.

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLORADO

***In Re*:**

Chapter 7
Case No. 25-12193-TBM

KURISTIN LYNNE REED, **Debtor,**

PENNYMAC LOAN SERVICES, LLC, **Movant.**

---

NOTICE OF WITHDRAWAL OF MOTION FOR RELIEF FROM AUTOMATIC STAY

---

Movant PENNYMAC LOAN SERVICES, LLC, by its counsel Barrett Frappier & Weisserman, LLP, withdraws its Motion for Relief from Automatic Stay filed on July 14, 2025 at Docket No. 17.

DATED: 8/28/2025

BARRETT FRAPPIER & WEISSERMAN, LLP

/s/ David W. Drake

David W. Drake, Atty Reg No. 43315
1391 N. SPEER BLVD, SUITE 700
DENVER, CO 80204
Telephone: (303) 327-8761
Telecopier: (972) 661-7725
Email Address: co.ecf@bdfgroup.com

E-FILED ORIGINAL

Document to be retained in file of Barrett Frappier & Weisserman, LLP

# Exhibit D — Federal Reserve Act & Operating Circular 10 Excerpts

**Facts of Law:**

- **Federal Reserve Act (Dec. 23, 1913, 38 Stat. 251, §§ 13–14):**
  - Section 13: Authorizes Federal Reserve Banks to discount eligible paper from member banks.
  - Section 14: Authorizes Federal Reserve Banks to purchase, sell, and lend on certain securities and notes.
  - Legal effect: When credit is extended, it is the **Federal Reserve Bank** that becomes the creditor by providing consideration.
- **Operating Circular 10 (2024, Section 12.3 & Appendix 3):**
  - States that when a depository institution pledges collateral under Borrower-in-Custody (BIC) arrangements, it holds the collateral as **custodian/agent for the Federal Reserve Bank.**
  - The depository institution is *not the principal creditor* — it is acting in a custodial capacity.

**Supporting Point:**
This establishes that when Plaintiff's note was pledged into Federal Reserve facilities, the institution was acting as an **agent**, and the Federal Reserve Bank became the actual creditor.

# Exhibit E — Borrower-in-Custody (BIC) Program Documentation

**Facts of Law/Program Guidance:**

- **BIC Guidelines (2024):**
  - Allows depository institutions to pledge loan notes (including residential mortgages) as collateral while retaining custody.
  - Confirms the pledged loans remain assets under Federal Reserve lien, not free property of the pledging institution.
- **01 BIC Handbook:**
  - Details that pledged notes must meet eligibility requirements (performing, marketable, documented).
  - Explicitly states the institution holds pledged collateral as a custodian for the Fed.
- **NAFCU Comment Letter (2023):**
  - Confirms that **electronically signed and recorded loan agreements** qualify for BIC pledging.
  - Shows that the program is in live use for residential mortgage notes.
- **Collateral Guide for Collateral in Lieu of Surety Bonds:**
  - Describes pledged loans as acceptable financial collateral in replacement of surety bonds.

**Supporting Point:**
Together, these demonstrate that residential mortgage notes, like Plaintiff's, are regularly pledged into the BIC program — with the **institution serving only as custodian, not creditor**.

# Exhibit F — IRS and Treasury Records

**Facts of Law/Financial Records:**

- **26 U.S.C. § 61 (Gross Income Definition):** All income from whatever source derived, including gains from dealings in property.
- **1099-B Forms:** Document the sale or disposition of securities and must be issued where debt instruments or mortgage-backed securities are liquidated.
- **Plaintiff's 1099-B and Federal Tax Return (2022, redacted):**
    - Evidence that the loan was treated as a **financial security** generating taxable events.
    - Demonstrates proceeds and tax reporting tied to the note.
- **Federal Tax Paid Statement:**
    - Confirms actual remittance of tax based on those transactions, meaning the loan note generated value recognized by the IRS.

**Supporting Point:**
This shows the loan note was not merely a private debt instrument but treated as a security subject to IRS reporting and taxation — corroborating unjust enrichment and that Defendants profited while foreclosing for the full face value.